UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CARLETHA STINER, | ) | CASE NO.  1:06 CV 0155 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

On January 23, 2006, pro se plaintiff Carletha Stiner filed the above-captioned in forma pauperis action against defendant United States Postal Service. Ms. Stiner alleges that she was "quietly dismissed" by the defendant in 2000. She asserts this court's jurisdiction pursuant to "USCA Title 28, Rule 8, Note 254, Employment, Rule 8, Note 174, Civil Rights Actions, Rule 8, Note 262, Conspiracy Actions, Rule 8, Note 298a, Emotional Distress." (Compl. at 1.)  She is seeking $1,000,000.00 in damages. For the reasons set forth below, this action is dismissed.

The complaint, which is unclear, contains few relevant allegations. Ms.  Stiner

applied for a job with the USPS on May 25, 2000. She allegedly received the highest score on the examination and, "based on the score[,] was one of the first persons in that cycle to take the medical examination. Based on the mental evaluation from the Veteran's Administration, plaintiff's job was simply dismissed quietly by the postal service." (Compl. at 1.) She maintains that she had no recourse at that time, but to accept the "discrimination" because she could not get a lawyer or "talk to the plaintiff."

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Timeliness*

"If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." Watson v. Wayne County, No. 03-1825, slip op. at 1 (6th Cir. Jan. 26, 2004)(citing Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir.1995)). Therefore, liberally construing this complaint as a civil rights action alleging discrimination based on a

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

disability, Ms. Stiner is time barred from filing her complaint.

Generally, a civil rights statute of limitations begins to run when a reasonable plaintiff knew or should have known of the injury. See, e.g., Shaw v. Nashville Gas Co., No. 99-5958, 2000 WL 1871716 (6th Cir Dec. 13, 2000)(applying the rule in a Title VII claim); McLaughlin v. Excel Wire and Cable, No. 85-3258,1986 WL 16659 at 3 (6th Cir. Mar. 24,1986) (applying the rule in an ADEA claim); Hughes v. Vanderbilt Univ., 215 F.3d 543, 547-48 (6th Cir.2000) (applying the rule in a 42 U.S.C. § 1983 claim). In the context of an employment discrimination case, the United States Supreme Court has held that the limitations period does not begin to run on a claim until an employer makes and communicates a final decision to the employee. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980). Therefore, the limitation period begins to run "[o]nce the employee is aware or reasonably should be aware" of the allegedly unlawful employment decision. Amini v. Oberlin College, 259 F.3d 493 (6th Cir.2001) (quoting Equal Employment Opportunity Comm'n v. United Parcel Serv., 249 F.3d 557, 561-62 (6th Cir.2001)).

Once the limitations period begins, an employee has 300 days within which he or she must file a charge with the Equal Employment Opportunity Commission (E.E.O.C.). Amini, 259 F.3d 493, 499 (6th Cir.2001)("[T]he starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated"). Thereafter, any potential plaintiff filing a complaint under Title VII, the ADEA, or the Rehabilitation Act has ninety days to file a complaint in federal district court after receipt of the EEOC's right to sue letter. See 42 U.S.C.2000e-16(c); 29 C.F.R. § 1614 .408(c). The ninety-day period following dismissal of the

charges by the EEOC is not strictly jurisdictional but is rather a condition precedent subject to equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982). However, "equitable tolling 'is not an escape valve through which jurisdictional requirements will evaporate.'" Cook v. Providence Hosp., 820 F.2d 176, 180 (6th Cir.1987) (quoting Brown v. Mead Corp., 646 F.2d 1163, 1165 (6th Cir.1981)). Both the Supreme Court and the Sixth Circuit have repeatedly declined to toll the limitations period where the plaintiffs have failed to demonstrate extreme circumstances. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151- 52 (1984); Jones v. General Motors Corp., 939 F.2d 380, 385 (6th Cir.1991); Banks v. Rockwell Int'l North Am. Aircraft Operations, 855 F.2d 324, 326-27 (6th Cir.1988).

There is no allegation that Ms. Stiner ever filed a charge with the E.E.O.C. or that she received a right-to-sue letter from the Commission. Moreover, she has not presented any evidence that equitable reasons exist to excuse her failure to comply with the prerequisite for filing her lawsuit. As stated above, equitable tolling, waiver, and estoppel are available only in compelling cases which justify a departure from established procedures. Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir.1989). Ms. Stiner has not presented any reason to justify the tolling requirements.

A dismissal under section 1915(e) based on the statute of limitations is especially appropriate where, as in this case, the injury complained of occurred more than six years before the filing of the complaint. See e.g. Jewell v. County of Nassau, 917 F.2d 738, 740 (2d Cir.1990) Furthermore, there are no applicable tolling provisions as a matter of law, and Ms. Stiner has not alleged any facts indicating a continuous or ongoing violation of her civil rights.

Based on the foregoing, Ms. Stiner's motion to proceed in forma pauperis is

4

granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.

                              */s/Dan Aaron Polster 3/14/06*

                              DAN AARON POLSTER
                              UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith."